IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

NATOSHA T. LYONS, as Personal         )
Representative of the Estate of       )
Anthony Ray Meely,                    )
                                      )
            Plaintiff,                )
                                      )
v.                                    )   Case No. CIV-21-297-JFH-JAR
                                      )
MERCY HOSPITAL OF ADA, INC.;          )
DEREK GOODSON; DANIEL WILBURN;        )
and UNKNOWN DEFENDANTS 1-10,          )
                                      )
            Defendants.               )

## FINDINGS AND RECOMMENDATION

This matter comes before the Court on Defendants' Motion to Dismiss or Remand (Docket Entry #78). This Motion was referred to the undersigned for the entry of Findings and a Recommendation on the subject Motion.

Plaintiff initiated this action on October 4, 2021 in this Court. The defendants can be grouped into four categories – those that were law enforcement officers who allegedly caused the Decedent, Anthony Ray Meely, to go into cardiac arrest and failed to render medical aid to him[1], the City of Ada which employs the law enforcement officers, those that were EMTs who allegedly failed to render adequate and necessary medical treatment to the Decedent[2], and Mercy Hospital Ada, Inc. which employed the EMTs. Specifically, Plaintiff alleges the law enforcement

---

[1] The law enforcement Defendants consist of Tyler W. Pogue, Ryan C. Collier, and Rich Eaker.

[2] The EMT Defendants are comprised of Derek Goodson, Daniel Wilburn, Brian Ridgeway, Colton Stonesipher, and Max Crook.

Defendants violated the Decedent's civil rights pursuant to 42 U.S.C. § 1983 in asserting claims for unlawful detention, false arrest, excessive force, and failure to provide adequate medical care. Plaintiff also alleges a claim for failure to train against the City of Ada. Plaintiff also asserts a claim for wrongful death based entirely upon Oklahoma state law against the EMT Defendants and a claim for *respondeat superior* liability against their employer, Mercy.3

On November 3, 2023, the parties filed a Stipulation of Dismissal With Prejudice, dismissing the law enforcement Defendants and the City of Ada from this action.4 On November 13, 2023, EMT Defendants Max Crook, Brian Ridgeway, and Colton Stonesipher filed a Motion for Summary Judgment, requesting that summary judgment be entered in their favor since Plaintiff's expert did not testify that their actions fell below the standard of care.5 Judge Heil referred the Motion to the undersigned on November 14, 2023. On November 22, 2023, however, the parties filed a Stipulation of Dismissal With Prejudice, dismissing EMT Defendants Brian Ridgeway, Colton Stonecipher, and Max Crook from this action.6 As a result, on December 4, 2023, this Court entered Findings and a Recommendation that the Motion for Summary Judgment be deemed moot due

---

3 See, Complaint, (Docket Entry No. 2).

4 See, Stipulation, (Docket Entry No. 76).

5 See, Motion for Summary Judgment, (Docket Entry No. 77).

6 See, Stipulation, (Docket Entry No. 81).

to the dismissal of the moving Defendants.⁷  Judge Heil adopted the Findings and Recommendation by Order entered December 20, 2023.  Judge Heil also referred the case for all further proceedings under 28 U.S.C. § 636 to the undersigned.

This brings the Court to the matter at hand – Defendants' Motion to Dismiss or Remand.  Although this Motion was originally filed by all of the named EMT Defendants and Defendant Mercy, the only remaining parties to the Motion and, indeed, the entire case are EMT Defendants Derek Goodson and Daniel Wilburn and their employer, Defendant Mercy.  Accordingly, the only claim remaining against the still-present EMT Defendants is Count VII comprised of a state law claim for wrongful death and Count VIII consisting of the claim for *respondeat superior* liability against Defendant Mercy.  All federal claims over which this Court possessed original jurisdiction have been dismissed.  The question raised by Defendants' Motion is whether this Court should exercise supplemental jurisdiction over the remaining claims and allow this action to continue in federal court.

The concept of supplemental jurisdiction is found in 28 U.S.C.A. § 1367(a) which provides, in pertinent part:

> . . . in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall

---

7 See, Findings and Recommendation, (Docket Entry #83).

>>include claims that involve the joinder or intervention of additional parties.

However, supplemental jurisdiction may be declined by the federal court under certain outlined circumstances:

>(1) the claim raises a novel or complex issue of State law,
>
>(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
>(3) the district court has dismissed all claims over which it has original jurisdiction, or
>
>(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.
>
>28 U.S.C.A. § 1367(c).

In this case, all claims over which this Court has original jurisdiction have been dismissed. Supplemental jurisdiction is authorized by Congress "[s]eeking to vindicate values of economy, convenience, fairness, and comity underlying the judicially-created doctrine of pendent jurisdiction, . . . ." Est. of Harshman v. Jackson Hole Mountain Resort Corp., 379 F.3d 1161, 1164 (10th Cir. 2004). "District courts do not otherwise have jurisdiction to hear pendent state law claims but for their intertwinement with claims over which they have original jurisdiction." Id. Consequently, there exists no basis for this Court to exercise subject matter jurisdiction over the remaining claims in this case.

This Court is mindful of and sympathetic to Plaintiff's contention – that this case has been progressing through discovery since 2021 and

4

significant effort and expense has been incurred in the prosecution of this case. This time and expense is at risk of being for naught with the dismissal of this case with it presumably refiled and discovery restarted in a different forum. This Court is equally aware of authority with federal courts to permit this case to go forward on the state law claims under § 1367. *See* Henderson v. Nat'l R.R. Passenger Corp.*,* 412 Fed.Appx. 74, 78-79 (10th Cir. 2011) (unpublished)(holding that a district court retained supplemental jurisdiction over the plaintiff's state-law claims after dismissing the plaintiff's federal claims and did not abuse its discretion by declining to remand the case to state court); New Mexico v. Gen. Elec. Co.*,* 467 F.3d 1223, 1242 n. 29 (10th Cir. 2006) (concluding that once the district court dismissed the State's federal claims in a removed case, the district court did not abuse its discretion under § 1367 in choosing to exercise supplemental jurisdiction over the remaining state law claims); United Int'l Holdings v. Wharf*,* 210 F.3d 1207, 1220 (10th Cir. 2000) ("[A] district court has the constitutional power to exercise supplemental jurisdiction over state claims even after a federal claim has been dismissed, provided the federal claim was not insubstantial from the outset."); see also, Carlsbad Tech., Inc. v. HIF Bio, Inc.*,* 556 U.S. 635, 639 (2009) ("[A] federal court has subject-matter jurisdiction over specified state-law claims, which it may (or may not) choose to exercise. A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." (citations omitted)).

However, in this case, the parties have not consented to the jurisdiction of the United States Magistrate Judge. Taking Plaintiff's suggestion and retaining jurisdiction would place the undersigned in the position of recommending that the United States District Judge to whom this case is assigned to try this case to a jury when it is well-recognized that this District is inundated with criminal cases in light of the McGirt v. Oklahoma, 591 U.S. \_\_\_\_\_, 140 S. Ct. 2452 (2020) decision with little time to address civil matters. This fact would not serve the stated goal of economy. As a result, it will be the recommendation of the undersigned that this Court decline to exercise supplemental jurisdiction over the remaining state law claims. Since this case did not originate in state court, the appropriate disposition would be dismissal to allow Plaintiff to refile in the appropriate Oklahoma state court.

IT IS THEREFORE RECOMMENDED that Defendants Mercy Hospital Ada, Inc., Derek Goodson, and Daniel Wilburn's Motion to Dismiss (Docket Entry #78) be **GRANTED,** and that this case be **DISMISSED WITHOUT PREJUDICE** to refiling. It is also recommended that that alternative request to remand be **DENIED.**

The parties are given fourteen (14) days from the date of the service of these Findings and Recommendation to file any objections with the Clerk of the Court. Any such objection shall be limited to ten (10) pages in length. Failure to object to these Findings and Recommendation

within fourteen (14) days will preclude review of this decision by the District Court.

IT IS SO ORDERED this 10TH day of January, 2024.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE